IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROGER ALLEN COLLINS, JR.,**

    **Plaintiff,**

    v.                                                  CASE NO. 22-3167-JWL-JPO

**ROGER WOODS, District Court Judge,**

    **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas. The Court provisionally grants Plaintiff leave to proceed in forma pauperis. The Court dismisses this case as frivolous and for failure to state a claim.

**I. Nature of the Matter before the Court**

Plaintiff sues a state court judge, claiming that Plaintiff's right to travel has been violated. The claim stems from Plaintiff's arrest by Wichita police officers for driving violations. (Doc. 1, at 4.) Plaintiff believes he is not required to maintain a driver's license, arguing that: a driver's license is an instrument for those hired to drive and carry goods and passengers, and "all the regulations therein are the same it is not for those travelling exercising an inalienable, unalienable right" and therefore he "do[es] not fit the verbal threshold of the DMV's or state's 'Driver'" and "a motor vehicle fits into the DMV's threshold, an automobile does not." *Id*. at 2, 4. Based on his right to travel, Plaintiff believes that if the state converts a right into a privilege by attaching a fee, "the person can ignore the license and fee and engage in the right with impunity." *Id*. at 3.

Plaintiff then argues that the defendant judge placed Plaintiff on probation for exercising his inalienable right to travel and Plaintiff is currently in jail on a probation violation. *Id*. at 4.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

3

**III.  DISCUSSION**

Plaintiff raised this same claim in *Collins v. Wichita*, Case No. 22-3135-SAC.  In that case, he named the City of Wichita, the Wichita Police Department and three Wichita police officers as defendants.  The Court noted that Plaintiff's claims in that case arose from Plaintiff being charged with driving on an expired tag, driving with a suspended license, and having a stolen license tag. *Collins v. Wichita*, Case No. 22-3135-SAC, Doc. 7, at 1 (D. Kan. July 15, 2022).  The Court held that:

> First,  the court finds that plaintiff's argument that he was exercising a right to travel while driving in his vehicle and therefore was exempt from license and registration requirements fails to state a claim for relief. The federal courts have uniformly rejected this claim. *See, e.g., U.S. v. Svoboda*, 633 F.3d 479, 483 (6th Cir. 2011) (explaining that plaintiff's belief that right to travel is a "God given right" and that driver's license requirement applied only to "public officials or corporations" was learned from the "Sovereign Citizens Movement") and *Secor v. Oklahoma*, 2016 WL 6156316 (N.D. Okla. Oct. 21, 2016) (dismissing claim of sovereign citizen plaintiff that he was not required to have a driver's license or car insurance).
>
> The United States Supreme Court recognizes the freedom to travel as a basic constitutional right. *See United States v. Guest*, 383 U.S. 745, 758 (1966). "This federal guarantee of interstate travel ... protects interstate travelers against two sets of burdens: 'the erection of actual barriers to interstate movement' and 'being treated differently' from intrastate travelers." *Bay v. Alexandria Women's Health Clinic*, 506 U.S. 263, 276–77 (1993) (quoting *Zobel v. Williams*, 457 U.S. 55, 60 n.6 (1982)).
>
> However, the Supreme Court also has held that states may constitutionally regulate the use of public roads by licensing drivers and that "[a]ny appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process." *Reitz v. Mealey*, 314 U.S. 33, 36 (1941), *overruled on other grounds*, *Perez v. Campbell*, 402 U.S. 637 (1971); *see also Delaware v. Prouse*, 440 U.S. 648, 658 (1971) ("[T]he states have a vital interest in ensuring that only those qualified to do so are permitted to operate motor vehicles.").

*Id*. at 3–4.

The Court found that "plaintiff's claim that traffic violations are not a crime and his bald assertions of false arrest and violation of the Fourth Amendment fail to state a claim for relief" and "[a]ny claim that challenges plaintiff's present confinement must be presented in the state courts, including the state appellate courts, before he may proceed in federal habeas corpus." *Id*. at 5.

Section 1915A requires a court to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B). "A claim is legally frivolous if it has no arguable basis in law or fact." *Frey v. Town of Jackson, Wyoming*, ___ F.4th ___, 2022 WL 2948909, at *13 (10th Cir. July 26, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Plaintiff continues to make a frivolous claim that his right to travel has been violated despite the caselaw cited in the rulings in his prior case. "'[R]epetitious litigation of virtually identical causes of action' may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (citation omitted) (finding action frivolous against new defendant even if not repetitive where new defendant was entitled to immunity).[1]

Plaintiff was aware of the Court's July 15, 2022 Order in Case No. 22-3135 prior to filing the instant case on August 8, 2022. Plaintiff's Case No. 22-3135 has now been dismissed for failure to state a claim for relief. *Collins v. Wichita*, Case No. 22-3135-SAC, at Doc. 14. The reasoning set forth in the orders entered in Case No. 22-3135 would apply to Plaintiff's current

---

[1] Plaintiff names a state court judge as the sole defendant in this case. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial capacity. *See Rigsby v. Great State of Arkansas*, No. 21-6132, 2022 WL 782659, at *3 (10th Cir. March 15, 2022) (unpublished) ("The district court's dismissal of this case on immunity grounds and for failure to state a claim constitutes a 'strike' under 28 U.S.C. § 1915(g).")

case. The Court finds that Plaintiff's current action, raising the same claims, must be dismissed as frivolous and for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is **provisionally granted** leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this matter is **dismissed** as frivolous and for failure to state a claim.

**IT IS SO ORDERED**.

Dated August 12, 2022, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE